IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTUM I-10 PARTNERS, LP dba | § | |
| HOLIDAY INN EXPRESS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| WESTERN WORLD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S APPENDIX IN SUPPORT OF REMOVAL

| DOCUMENTS | PAGES |
|---|---|
| State court materials | 001 - 031 |
| Western World Insurance Company corporate information | 032 |
| Western World Insurance Company's receipt of Plaintiff's Original Petition | 033 - 055 |

Respectfully submitted,


By:      s/*Robert G. Hogue*

Robert G. Hogue
State Bar No. 09811050

ROBERT G. HOGUE, P.C.
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone:  (214) 559-7107
Fax:  (214) 559-7101
email:  robhogue@msn.com

COUNSEL FOR DEFENDANT
WESTERN WORLD INSURANCE COMPANY

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 31st day of October, a true and correct copy of this document was served on counsel for the Plaintiff as follows:

Mr. James M. McClenny                              <u>Via e-service</u>
Mr. J. Zachary Moseley
Mr. Sean Patterson
McCLENNY MOSELEY & ASSOCIATES, PLLC
516 Heights Boulevard
Houston, Texas  77007

COUNSEL FOR THE PLAINTIFF


By:      s/*Robert G. Hogue*
          Robert G. Hogue

9/27/2019 2:01:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37197176
By: SALGADO, CAROLINA
Filed: 9/27/2019 2:01:00 PM

# CIVIL PROCESS REQUEST

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):   Original Petition

**FILE DATE OF MOTION:** 9/27/2019
                          Month/   Day/   Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME:   Western World Insurance Company

    ADDRESS:   300 Kimball Drive, Suite 500, Parsippany, New Jersey 07054

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):   Citation

**SERVICE BY** (check one):

- ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                          ☒ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**********************************************************************************************

****

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):

- ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:   ☐ **COURTHOUSE DOOR,  or**
                           ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:   Sean Patterson                    TEXAS BAR NO./ID NO.   24073546

MAILING ADDRESS:  516 Heights Boulevard, Houston, TX 77007

PHONE NUMBER:   713        334-6121         FAX NUMBER:   713      322-5953
                area code   phone number                  area code   fax number

EMAIL ADDRESS:   Sean@mma-pllc.com

CIVCJ08 Revised 9/2/09

001

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Marilyn Burgess District Cl...

CIVC108 Revised 9/3/99

002

9/27/2019 2:01:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37197176
By: SALGADO, CAROLINA
Filed: 9/27/2019 2:01:00 PM

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED __Quantum I-10 Partners, LP DBA Holiday Inn Express v. Western World Insurance Company__

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Sean Patterson <br><br>**Email:** Sean@mma-pllc.com | **Plaintiff(s)/Petitioner(s):** <br> Quantum I-10 Partner DBA <br> Holiday Inn Express | ☐ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| **Address:** 516 Heights Boulevard <br><br>**Telephone:** 713-344-6121 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Houston, TX 77007 <br><br>**Fax:** 713-322-5953 | **Defendant(s)/Respondent(s):** <br> Western World <br> Insurance Company | Custodial Parent: <br><br> Non-Custodial Parent: |
| **Signature:** Sean Patterson <br><br>**State Bar No:** 24073546 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract* <br> ☒ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☒ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

003                                                                                           2/13

Unofficial Office of Marilyn Burgess District Clerk

9/27/2019 2:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37197176
By: Carolina Salgado
Filed: 9/27/2019 2:01 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **QUANTUM I-10 PARTNERS, LP DBA** | § | **IN THE DISTRICT COURT** |
| **HOLIDAY INN EXPRESS** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **V.** | § | |
| | § | |
| | § | |
| **WESTERN WORLD INSURANCE** | § | **_____ JUDICIAL DISTRICT** |
| **COMPANY** | § | |
| | § | |
| *Defendant* | | |

## PLAINTIFF QUANTUM I-10 PARTNERS, LP DBA HOLIDAY INN EXPRESS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW,** Quantum I-10 Partners, LP dba Holiday Inn Express, (hereinafter referred to as "Plaintiff"), complaining of Western World Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2.  Plaintiff is a business residing in Harris County, Texas.

Unofficial Copy Office of Marilyn Burgess District Clerk

---

3.  Western World Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, located at the following address: 300 Kimball Drive, Suite 500, Parsippany, New Jersey 07054.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Western World Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.  Specifically, Western World Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas.  *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Harris County, Texas, because the Property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Western World Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 12323 Katy Fwy , Houston, Texas 77079.

---

9.  Defendant Western World Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about August 28, 2017, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Western World Insurance Company. Plaintiff subsequently opened a claim on August 28, 2017 and Defendant Western World Insurance Company assigned an adjuster to adjust the claim.

12. Specifically, Defendant performed an unreasonable and insufficient investigation of the claim. Defendant failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, Defendant wrongly excluded the damage to the property, including damage to the roof. Defendant wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

13. The storm caused damage to the property's roof, including damage to the shingles, flashings, and other structural parts of the roof. Storm created openings allowed water intrusion to cause interior damage to the property. The significant damage to the property required full replacement of the damage items. Defendant intentionally did not properly inspect and failed to give an allowance to repair all the damage caused by the storm. For example, Defendant wrongly denied coverage for the shingles although the

damage was covered under the policy. This was intentionally done by Defendant to deny full replacement of the roof. Defendant wrongly concluded the interior damage was not caused by the storm.

14. Defendant Western World Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

16. Defendant did not properly inspect the property and failed to properly pay Plaintiff for the claim.

17. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

18. Defendant's assigned adjuster acted as an authorized agent of Defendant Western World Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Western World Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

---

19. Defendant Western World Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

20. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

21.  All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

22. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. All acts by Defendant Western World Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full

---

authorization or ratification of Defendant Western World Insurance Company and/or were completed in its normal and routine course and scope of employment.

25. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

26. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Defendant Western World Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Western World Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Western World Insurance Company had the absolute duty to

investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

29. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant Western World Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

A. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

B. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

C. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

---

D.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

32. As described in this Original Petition, Defendant Western World Insurance Company represented to Plaintiff that its Policy and Western World Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

33. As described in this Original Petition, Defendant Western World Insurance Company represented to Plaintiff that its Policy and Western World Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

34. By Defendant Western World Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

35. Defendant Western World Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

36. Defendant Western World Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair

011

degree.   Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under §

17.50(a)(3).

37. Defendant Western World Insurance Company's conduct, acts, omissions, and failures, as described in

this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50

(a)(4).

38. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or

deceptive acts and/or practices, made by Defendant Western World Insurance Company, to its detriment.

As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged

in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.

All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's

damages which are described in this Original Petition.

39. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in

addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and

additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

40. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has

been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on

its behalf.   Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's

fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself

to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

41. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

   A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

   B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

   C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

   D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

   E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

   F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

---

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

43. By its acts, omissions, failures and conduct, Defendant Western World Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Western World Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

44. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Western World Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

45. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Western World Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

46. As a result of Defendant Western World Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and

necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. From and after the time Plaintiff's claim was presented to Defendant Western World Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

49. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

50. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

51. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

52. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

53. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

54. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

55. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

56. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

57. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

58. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

59. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

60. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## JURY DEMAND

61. Plaintiff demands a jury trial, consisting of citizens residing in Harris County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

62. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

### I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Western World Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

### II. REQUESTS FOR PRODUCTION

1. Please produce Western World Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Western World Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Western World Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Western World Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Western World Insurance Company and its assigned adjuster, and all correspondence between Western World Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Western World Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Western World Insurance Company or Western World Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Western World Insurance Company or any of Western World Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Western World Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.     The date and manner in which Western World Insurance Company received notice of the claim;

b.     The date and manner in which Western World Insurance Company acknowledged receipt of the claim;

c.     The date and manner in which Western World Insurance Company commenced investigation of the claim;

d.     The date and manner in which Western World Insurance Company requested from the claimant all items, statements, and forms that Western World Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.     The date and manner in which Western World Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6.  Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.  Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.  When was the date Western World Insurance Company anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Western World Insurance Company's document retention policy.

10. Does Western World Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does Western World Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Western World Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe Western World Insurance Company's bonus or incentive plan for adjusters.

## **CONCLUSION**

63. Plaintiff prays that judgment be entered against Defendant Western World Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant Western World Insurance Company, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*s/ Sean Patterson*
MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. (713) 334-6121
Facsimile: (713) 322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

2019-70787



10-01-19

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$  2.50          OCT 01 2019

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)          $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required              $
☐ Adult Signature Restricted Delivery   $

Postage
$  1.50
Total Postage and
$  7.40

Sent To
WESTERN WORLD INSURANCE
COMPANY
c/o ITS REGISTERED AGENT
Street and Apt No.   300 KIMBALL DRIVE SUITE 500
City, State, ZIP+4   PARSIPPANY NJ 07054

PS Form 3800,

7017 1450 0001 3702 2699

Unofficial Copy Office of Marilyn Burgess District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging
025

CAUSE NO. 201970787

RECEIPT NO.                    75.00    CTM
    \*\*\*\*\*\*\*\*\*\*           TR # 73678533

PLAINTIFF: QUANTUM I-10 PARTNERS LP (DBA HOLIDAY INN EXPRESS)    In The    334th
              vs.                                       Judicial District Court
DEFENDANT: WESTERN WORLD INSURANCE COMPANY               of Harris County, Texas
                                                    334TH DISTRICT COURT
                                                    Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris



TO: WESTERN WORLD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    OF SERVICE

    300  KIMBALL DRIVE SUITE 500  PARSIPPANY NJ 07054

    Attached is a copy of <u>PLAINTIFF ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of September, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 1st day of October, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:                          MARILYN BURGESS, District Clerk
PATTERSON, SEAN MICHAEL                Harris County, Texas
516  HEIGHTS BLVD                      201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                 (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 334-6121
<u>Bar No.</u>: 24073546                       Generated By: SALGADO, CAROLINA G17//11341139

CLERK'S RETURN BY MAILING

Came to hand the  _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy   of   this   citation   together   with   an   attached   copy   of
 PLAINTIFF ORIGINAL PETITION
to the following addressee at address:

_____

                                   ADDRESS

_____    Service was executed in accordance with Rule 106
(a)ADDRESSEE                          (2) TRCP, upon the Defendant as evidenced by the
                                          return receipt incorporated herein and attached
_____       hereto at

_____    on _____.day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

N.INT.CITM.P                                \*73678533\*

026

CAUSE NO.   201970787

RECEIPT NO.                                          75.00      CTM
**********                              TR # 73678533

| | |
|---|---|
| PLAINTIFF: QUANTUM I-10 PARTNERS LP (DBA HOLIDAY INN EXPRESS)<br>vs.<br>DEFENDANT: WESTERN WORLD INSURANCE COMPANY | In The    334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: WESTERN WORLD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    OF SERVICE

    300  KIMBALL DRIVE SUITE 500   PARSIPPANY NJ  07054

    Attached is a copy of <u>PLAINTIFF ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of September, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 1st day of October, 2019, under my hand and
seal of said Court.



<u>Issued at request of:</u>
PATTERSON, SEAN MICHAEL
516  HEIGHTS BLVD
HOUSTON, TX  77007
Tel: (713) 334-6121
<u>Bar No.:</u>  24073546

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: SALGADO, CAROLINA  G17//11341139

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFF ORIGINAL PETITION
to the following addressee at address:

_____

_____                    ADDRESS

_____                    Service was executed in accordance with Rule 106
(a) ADDRESSEE                                          (2) TRCP, upon the Defendant as evidenced by the
                                                          return receipt incorporated herein and attached
_____                          hereto at

                                                       _____
                                                       on _____ day of _____, _____
                                                       by U.S. Postal delivery to _____

                                                       This citation was not executed for the following
                                                       reason: _____
                                                       _____

                                                       MARILYN BURGESS, District Clerk
                                                       Harris County, TEXAS

                                                       By _____, Deputy

N.INT.CITM.P                        **\*73678533\***

027

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WESTERN WORLD INSURANCE
COMPANY
c/o ITS REGISTERED AGENT
300 KIMBALL DRIVE SUITE 500
PARSIPPANY NJ 07054



9590 9402 4974 9063 5225 13

2. Article Number *(Transfer from service label)*

7017 1450 0001 3702 2699

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

2019-70787          334th

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

028

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



9590 9402 4974 9063 5225 13

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY

2019 OCT 16 AM 9: 53

10-16-19

BY
MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

029

10/25/2019 1:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37972700
By: DANIELLE JIMENEZ
Filed: 10/25/2019 1:32 PM

CAUSE NO. 2019-70787

| | | |
|---|---|---|
| QUANTUM I-10 PARTNERS, LP d/b/a HOLIDAY INN EXPRESS | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | 334TH JUDICIAL DISTRICT |
| WESTERN WORLD INSURANCE COMPANY | § § § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Western World Insurance Company and files this Original Answer as follows:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant Western World Insurance Company asserts a general denial and demands that the Plaintiff be required to prove its claims and allegations against the Defendant by the applicable standard of proof as to each of the Plaintiffs' claims against the Defendant.

Respectfully submitted,

By: _____s/_Robert G. Hogue_____

Robert G. Hogue
State Bar No. 09811050

ROBERT G. HOGUE, P.C.
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone: (214) 559-7107
Fax: (214) 559-7101
E-mail: robhogue@msn.com

Unofficial Copy Office of Marilyn Burgess District Clerk

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2019, the foregoing document was served on counsel of record for the Plaintiff as follows:

Mr. James M. McClenny                            <u>Via e-service</u>
Mr. J. Zachary Moseley
Mr. Sean Patterson
McCLENNY MOSELEY & ASSOCIATES, PLLC
516 Heights Boulevard
Houston, Texas  77007

By:       s/*Robert G. Hogue*
                      Robert G. Hogue

Unofficial Copy Office of Marilyn Burgess District Clerk



# RESULTS BY FINANCIAL

Shown below are the number of closed confirmed complaints by financial for the company you have selected.

- **Results by Complaint Code**
- **Results by Complaint Index**
- **Results by State**
- **Results by Licensing**
- **Results by Financial**

- **Back to Search**

NAIC Company Code

13196

Western World Ins Co
Company Overview for 2018
Property/Casualty

Commenced Business Date: April 4, 1964
State of Domicile: NH

Company Code = 13196
Group Code = 12
Group Name = AMERICAN INTL GRP
FEIN: 02-0266622

300 KIMABLL DRIVE, SUITE 500
PARSIPANNY, NJ 07054

WWW.WESTERNWORLD.COM
201-847-8600

032

9/27/2019 2:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37197176
By: Carolina Salgado
Filed: 9/27/2019 2:01 PM

# 2019-70787 / Court: 334

CAUSE NO. _____

| | | |
|---|---|---|
| QUANTUM I-10 PARTNERS, LP DBA | § | IN THE DISTRICT COURT |
| HOLIDAY INN EXPRESS | § | |
| | § | |
| *Plaintiff* | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| | § | |
| WESTERN WORLD INSURANCE | § | _____ JUDICIAL DISTRICT |
| COMPANY | § | |
| *Defendant* | | |

## PLAINTIFF QUANTUM I-10 PARTNERS, LP DBA HOLIDAY INN EXPRESS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Quantum I-10 Partners, LP dba Holiday Inn Express, (hereinafter referred to as

"Plaintiff"), complaining of Western World Insurance Company, (hereinafter referred to as "Defendant") and

for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and

    affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil

    Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is a business residing in Harris County, Texas.

---

*Plaintiff Quantum I-10 Partners, LP dba Holiday Inn Express' Original Petition*　　　　　Page | 1

3. Western World Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, located at the following address: 300 Kimball Drive, Suite 500, Parsippany, New Jersey 07054.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant Western World Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Western World Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Harris County, Texas, because the Property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant Western World Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 12323 Katy Fwy , Houston, Texas 77079.

---

*Plaintiff Quantum I-10 Partners, LP dba Holiday Inn Express' Original Petition*          Page | 2

034

9. Defendant Western World Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about August 28, 2017, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Western World Insurance Company. Plaintiff subsequently opened a claim on August 28, 2017 and Defendant Western World Insurance Company assigned an adjuster to adjust the claim.

12. Specifically, Defendant performed an unreasonable and insufficient investigation of the claim. Defendant failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, Defendant wrongly excluded the damage to the property, including damage to the roof. Defendant wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

13. The storm caused damage to the property's roof, including damage to the shingles, flashings, and other structural parts of the roof. Storm created openings allowed water intrusion to cause interior damage to the property. The significant damage to the property required full replacement of the damage items. Defendant intentionally did not properly inspect and failed to give an allowance to repair all the damage caused by the storm. For example, Defendant wrongly denied coverage for the shingles although the

damage was covered under the policy. This was intentionally done by Defendant to deny full replacement of the roof. Defendant wrongly concluded the interior damage was not caused by the storm.

14. Defendant Western World Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

16. Defendant did not properly inspect the property and failed to properly pay Plaintiff for the claim.

17. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

18. Defendant's assigned adjuster acted as an authorized agent of Defendant Western World Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Western World Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

---

*Plaintiff Quantum I-10 Partners, LP dba Holiday Inn Express' Original Petition*　　　　　　　Page | 4

19. Defendant Western World Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

20. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

21. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

22. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. All acts by Defendant Western World Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full

authorization or ratification of Defendant Western World Insurance Company and/or were completed in its normal and routine course and scope of employment.

25. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

26. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Defendant Western World Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Western World Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Western World Insurance Company had the absolute duty to

investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

29. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant Western World Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

  A. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

  B. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

  C. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

D. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

32. As described in this Original Petition, Defendant Western World Insurance Company represented to Plaintiff that its Policy and Western World Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

33. As described in this Original Petition, Defendant Western World Insurance Company represented to Plaintiff that its Policy and Western World Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

34. By Defendant Western World Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

35. Defendant Western World Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

36. Defendant Western World Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair

degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

37. Defendant Western World Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

38. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Western World Insurance Company, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

39. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

40. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

41. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

    E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

    F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

042

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

---

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

43. By its acts, omissions, failures and conduct, Defendant Western World Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Western World Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

44. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Western World Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

45. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Western World Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

46. As a result of Defendant Western World Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and

necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

47. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48. From and after the time Plaintiff's claim was presented to Defendant Western World Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

49. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

50. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

51. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

52. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

53. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

54. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

55. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

56. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

57. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

58. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

59. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

60. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## JURY DEMAND

61. Plaintiff demands a jury trial, consisting of citizens residing in Harris County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

62. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Western World Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Western World Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Western World Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Western World Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Western World Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Western World Insurance Company and its assigned adjuster, and all correspondence between Western World Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Western World Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Western World Insurance Company or Western World Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Western World Insurance Company or any of Western World Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Western World Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Western World Insurance Company received notice of the claim;

---

b.   The date and manner in which Western World Insurance Company acknowledged receipt of the claim;

c.   The date and manner in which Western World Insurance Company commenced investigation of the claim;

d.   The date and manner in which Western World Insurance Company requested from the claimant all items, statements, and forms that Western World Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.   The date and manner in which Western World Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date Western World Insurance Company anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Western World Insurance Company's document retention policy.

051

10. Does Western World Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Western World Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Western World Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe Western World Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

63. Plaintiff prays that judgment be entered against Defendant Western World Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

---

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it

is due as a result of the acts of Defendant Western World Insurance Company, and for all such other relief to

which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages

under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of

Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any

other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*s/ Sean Patterson*

**McCLENNY MOSELEY & ASSOCIATES, PLLC**
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. (713) 334-6121
Facsimile: (713) 322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO.   201970787

RECEIPT NO.                                    75.00        CTM
**********                          TR # 73678533

PLAINTIFF: QUANTUM I-10 PARTNERS LP (DBA HOLIDAY INN EXPRESS)    In The   334th
           vs.                                                   Judicial District Court
DEFENDANT: WESTERN WORLD INSURANCE COMPANY                       of Harris County, Texas
                                                                 334TH DISTRICT COURT
                                                                 Houston, TX

                              CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: WESTERN WORLD INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT
    OF SERVICE

    300  KIMBALL DRIVE SUITE 500   PARSIPPANY  NJ  07054

    Attached is a copy of <u>PLAINTIFF ORIGINAL PETITION</u>

This instrument was filed on the <u>27th day of September, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 1st day of October, 2019, under my hand and
seal of said Court.



<u>Issued at request of:</u>                         MARILYN BURGESS, District Clerk
PATTERSON, SEAN MICHAEL                         Harris County, Texas
516  HEIGHTS BLVD                               201 Caroline, Houston, Texas 77002
HOUSTON, TX  77007                              (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 334-6121
<u>Bar No.:</u> 24073546                             Generated By: SALGADO, CAROLINA  G17//11341139

─────────────────────────────────────────────────────────────────────────────────
                           CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF ORIGINAL PETITION
to the following addressee at address:

_____        _____
                                     ADDRESS

_____        Service was executed in accordance with Rule 106
(a)ADDRESSEE                             (2) TRCP, upon the Defendant as evidenced by the
_____            return receipt incorporated herein and attached
                                         hereto at

                                     on _____ day of _____, _____
                                     by U.S. Postal delivery to _____

                                     This citation was not executed for the following
                                     reason: _____
                                     _____

                                     MARILYN BURGESS, District Clerk
                                     Harris County, TEXAS

                                     By _____, Deputy

N.INT.CITM.P                    *73678533*

                                                              054

**Marilyn Burgess**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651

7017 1450 0001 3702 2699

neopost
10/01/2019
US POSTAGE $007.
FIRST-CLASS
ZIP 77
041M122

WESTERN WORLD INSURANCE
COMPANY
c/o ITS REGISTERED AGENT
300 KIMBALL DRIVE SUITE 500
PARSIPPANY NJ 07054

055